UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : Criminal No. 19-00166(DLF) |
| | : |
| MALIQUE LEWIS, | : |
| | : |
| *Defendant.* | |

**DEFENDANT'S MOTION TO SUPPRESS INSTAGRAM DATA**

Defendant Malique Lewis ("Lewis"), by and through undersigned counsel, and pursuant to the Fourth Amendment to the United States Constitution, respectfully moves this Honorable Court to suppress any and all data recovered from the search and seizure of material related to the Instragram account "smt_freak" allegedly associated with Mr. Lewis. In support of this motions, Mr. Lewis states as follows:

I. **Factual Background**

On January 2, 2018, Prince George's County Police Detective Wesley Burns swore out an affidavit seeking a search warrant for the Instagram account "smt_freak" that the government associates with Mr. Lewis. The warrant was sought in relation to the murder of Armani Coles on December 28, 2017. The affidavit reads in part:

> On December 28, 2017, at 1820HRS, officers of the Prince George's County Police Department responded to a reported shooting on Kenilworth Avenue near Eastern Avenue, Hyattsville, Prince George's County, Maryland. Upon arrival, officers discovered that the Victim had suffered several gunshot wounds. The victim was transported to Prince George's Hospital, where he ultimately succumbed to his injuries. His body was transported to the Office of the Chief Medical Examiner for an autopsy.
> While conducting the investigation, detectives of the Prince George's County Police Homicide unit developed information that the Victim was killed during an ongoing dispute between several individuals over money. The individuals refer to themselves collectively as the "Street Money Team", abbreviated as "smt".
> Specifically, detectives learned from sources known to law enforcement that the Instagram user profile "smt_freak" is the known user profile of an individual known as Malique LEWIS, who is known to be a member of the "Street Money Team" group. Your affiant believes that information pertinent to the investigation of the murder of the Victim was exchanged via the aforementioned account, and that access to such information would be beneficial for investigators working to determine the identity of the individual or individuals responsible for the death of the Victim.

Exh. 1 at 2.

## II. The Warrant Was Not Supported by Probable Cause

Whether probable cause for a search exists is a "practical, common-sense" question, asking whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). An affidavit in support of a warrant must establish probable cause to believe that a crime has been committed and that there is a nexus between the place to be searched, the things to be seized, and the underlying criminal activity. *See United States v. Glay*, No. 08-213 (JDB), 2009 U.S. Dist. LEXIS 56236, at *5 (D.D.C. June 30, 2009) (citing 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 3.7(d) (4th ed. 2004); *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307, 87 S. Ct. 1642, 18 L. Ed. 2d 782 (1967) ("There must, of course, be a nexus . . . between the item to be seized and criminal behavior.") Although the standard of probable cause is not a high threshold, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *United States v. Wilhelm*, 80 F.3d 116, 119 (4th Cir. 1996) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).

Several major gaps in the applications' information left the magistrate with insufficient information to determine probable cause. First, Detective Burns makes the wholly conclusory statement that police had developed a lead that the decedent was killed during "an ongoing dispute between several individuals over money" and that those "individuals refer to themselves collectively as 'Street Money Team,' abbreviated as 'smt." Exh. 1 at 2. Second, the affidavit fails to mention any facts that would indicate Mr. Lewis was involved in the murder. Third, there is nothing to support the allegation that Mr. Lewis may have used the Instagram account to post images, messages or any type of information relating to the murder.

Regardless of whether an individual is validly suspected of committing a crime, an application for a search warrant concerning his property or possessions must demonstrate cause to believe that evidence is likely to be found at the place to be searched.  Moreover, there must be a nexus between the item to be seized and criminal behavior.  *See United States v. Griffith*, 867 F.3d 1265, 1271 (DC Cir. 2017).  Here, there is not only no nexus between Mr. Lewis and the crime, but also no nexus between the crime and the Instagram account.

Based on the lack of information, there was insufficient probable cause to support the issuance of the warrant.  Similarly, any evidence derived from the illegal search and seizure must also be suppressed as the fruit of the poisonous tree.  *See Wong Sun v. United States*, 371 U.S. 471 (1963).

### III. Reliance on the Warrants Was Objectively Unreasonable, so the *Leon* Good Faith Exception Cannot Apply

While objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion of evidence, where the information relied upon is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, exclusion is an appropriate remedy.  *See United States v. Leon*, 468 U.S. 897, 922–23 (1984).  When applying that standard, the Court must consider the objective reasonableness not only of the officers who eventually executed the warrant, but also of the officers who originally obtained it or who provided information material to the probable-cause determination.  The Court must then ask whether an objectively reasonable officer could think the affidavit established probable cause, keeping in mind the inadequacy of a "bare bones" affidavit.  *See Griffith*, 867 F.3d at 1278 (citations omitted).

This is one of those situations.  The Affidavit is lacking any mention of how Mr. Lewis himself or the Instagram account is connected to the murder.  These glaring deficiencies and

omissions are not mere insufficiencies but rather serious flaws rendering reliance on the warrant objectively unreasonable. Therefore, Detective Burns' reliance was not in good faith and seized evidence must be suppressed.

## IV. Conclusion

For these reasons, Defendant respectfully requests that this Court suppress the cell site data attributed to Defendant.

Dated: Washington, DC
July 14, 2023

Respectfully submitted,

**BALAREZO LAW**

By:  /s/ A. Eduardo Balarezo
_____
A. Eduardo Balarezo
DC Bar # 462-659
400 Seventh Street, NW
Suite 306
Washington, DC  20004
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Counsel for Defendant Malique Lewis*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of July 2023, I caused a true and correct copy of the foregoing Defendant's Motion to Suppress Instagram Data to be delivered to the Parties via ECF.

/s/ A. Eduardo Balarezo  
_____  
A. Eduardo Balarezo
