IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: **1:19-cr-00166-DLF-2** |
| | : | |
| MALIQUE LEWIS, | : | |
| Defendant. | : | |

**MOTION TO CHANGE DEFENDANT'S PRETRIAL DETENTION LOCATION**

Comes now the defendant, MALIQUE LEWIS, by and through counsel and moves this Honorable Court to enter an order directing the U.S. Marshals Service to relocate him to the Central Detention Facility of the Department of Corrections for the District of Columbia, or in the alternative to a facility closer to Alexandria, Virginia. The request is predicated on the 6th amendment to the United States Constitution. In support of which, the defendant states the following.

I.      **Relevant Facts**

The defendant is currently detained at the Northern Neck Regional Jail located in Warsaw, Virginia. The facility is approximately 90 miles away from defense counsel's law office located in Alexandria, Virginia. The Northern Neck Regional Jail requires counsel to pre-arrange visits by appointments. Since his appointment on September 12, 2023, defense counsel has only been able to arrange two visits with the defendant. More than three hours are consumed traveling round trip to and from counsel's office to the Northern Neck Regional Jail.

The discovery in this matter is vast. Much of it is stored on three separate external hard drives. The hard drives contain substantial audio and video recordings. The Northern Neck Regional Jail offers a limited opportunity for a defendant to review discovery absent defense counsel being

present. This is accomplished by defense counsel being grant authorization to enter the facility with a laptop. Defense counsel has received such authorization.

The defendant's family resides in the District of Columbia. Travel to the facility is a hardship for the defendant's family. The defendant is indigent. His family is without sufficient funds to finance travel to and from the facility. The Northern Neck Regional Jail permits virtual visits by family members and friends. However, the defendant's family is unable to satisfy the fees associated with arranging such visits. As a consequence, the defendant is not receiving visits from family members and friends.

The defendant was previously housed at the Central Detention Facility of the Department of Corrections for the District of Columbia, hereinafter DC Jail. The DC Jail is approximately 6 miles from defense counsel's law office. The DC Jail provides laptops, at no charge, to permit defendants to review discovery. The DC Jail does not charge a fee for family members and friends to visit.

**II.     Argument.**

**The Defendant's Current Detention Location Violates His Rights Under the Sixth Amendment to the United States Constitution.**

Mr. Lewis has a Sixth Amendment right to participate in, and, indeed, conduct—his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) (highlighting "Counsel Clause" of the Sixth Amendment "implies a right in the defendant to conduct his own defense, with assistance at what, after all, is his, not counsel's trial."). This right is being violated due to his current detention location.

First, his current detention location greatly limits his access to counsel. The logistics surrounding arranging attorney visits is burdensome. The requirements that a visit be pre-arranged

coupled with the shear distance significantly limits the opportunities for the defendant to meet and confer with his counsel.  It frustrates his ability to participate in and indeed conduct his own defense.

Second, the defendant's current detention location interferes with his ability to have meaningful access to the discovery.  This also triggers serious Sixth Amendment concerns.  *United States v. Darden*, 2017 U.S. Dist. LEXIS 137942, at 6 (M.D. Tenn. Aug. 28, 2017) (holding that defendant's inability to access discovery in jail, if uncorrected, would create Sixth Amendment problem).

Again, the Northern Neck Regional Jail does not provide an adequate means for the defendant to access the discovery in the absence of defense counsel.  Unlike the DC Jail, a detainee at the Northern Neck Regional Jail is not provided a laptop to review the vast discovery in this matter.  Mr. Lewis' primary means to access the discovery is in the presence of his attorney at those times when counsel is permitted to visit.  At this rate, due to the logistics and other demands on counsel's calendar only two visits have been accomplished in the first month of counsel's representation.  Trial in this double homicide case is approximately 9 months away.  At this rate it is inconceivable that Mr. Lewis will be afforded sufficient opportunity to access the discovery while detained at the Northern Neck Regional Jail.

**III.    Conclusion**

For the reasons stated herein and those that may become evident at a hearing on this matter, the defendant respectfully requests that this Honorable Court enter an order directing the U.S.

Marshals Service to housed him at the Central Detention Facility of the Department of Corrections for the District of Columbia.

Respectfully submitted,
MALIQUE LEWIS
By Counsel

_____/s/_____
Robert L. Jenkins, Jr.
U.S. District Court Bar No.:  CO0003
Bynum & Jenkins
1010 Cameron Street
Alexandria, Virginia  22314
(703) 309 0899 Telephone
(703) 549 7211 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MALIQUE LEWIS

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on October 17, 2023.

_____/s/_____
Robert L. Jenkins, Jr.
U.S. District Court Bar No.:  CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia  22314
(703) 309 0899 Telephone
(703) 549 7211 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant MALIQUE LEWIS